**Katharine BAERMAN, Appellant,**

v.

**John Alfred REISINGER, M.D., Appellee.**

**No. 19643.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 26, 1966.

Decided June 1, 1966.

---

Mr. John J. Spriggs, Jr., Washington, D. C., for appellant.

Mr. Walter J. Murphy, Jr., Washington, D. C., with whom Messrs. H. Mason Welch, J. Harry Welch, J. Joseph Barse, Washington, D. C., and James A. Welch, Washington, D. C., were on the brief, for appellee.

Before BURGER, WRIGHT and TAMM, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal following a directed verdict for the Defendant in a medical malpractice case. The gist of Plaintiff's claim was that Defendant, a cardiologist, had been negligent in failing to diagnose hypothyroidism for a period of six years when she allegedly suffered therefrom and in not referring her to another physician for diagnosis. Appellee argues in support of the District Court action that Appellant failed to produce any evidence of the standard of practice for like practitioners at the time Appellant was under Appellee's care.

The record reveals that Appellant, as Plaintiff having the burden of proof in the District Court, offered as a witness a physician engaged in general medical practice in Washington who had experience in treating patients suffering from hypothyroidism. The Defendant in the District Court objected to the physician's testimony on the ground he was not shown to be an expert in cardiology. After first indicating to counsel, "I think if you properly phrase your question, you can elicit from him what is the practice in the community among experts in this particular field," the District Judge then reversed his position and said, "No, I don't think you can because he is not an expert in the field." Counsel then put a hypothetical question to the physician which concluded, "Do you have an opinion with any reasonable degree of medical certainty whether that [referring to the hypotheses] would be accepted practice in the District of Columbia?"

The question setting out the hypothetical facts and indeed the final question on the physician's medical opinion were hardly models of adequacy or clarity, but we conclude the Trial Judge should either have ruled the hypothetical question gave inadequate foundation, so that it could be enlarged and improved, or in the alternative the physician should have been allowed to respond *if he said he knew the practice* and did not himself question the adequacy of the hypothetical question. So far as we know the witness might have said he could not answer on the very meager and inartfully framed hypothetical question; or he might have said he did not know the accepted practice. The critical aspect is that the court's ruling did not permit him to do either.

It is settled law that "[a] physician is not incompetent to testify as an expert merely because he is not a specialist in the particular field of which he speaks." Sher v. De Haven, 91 U.S.App. D.C. 257, 262, 199 F.2d 777, 782, 36 A.L. R.2d 937 (1952), cert. denied, 345 U.S. 936, 73 S.Ct. 797, 97 L.Ed. 1363 (1953). The training and specialization of the witness goes to the weight rather than admissibility of the evidence, generally speaking.

The case must therefore be remanded for a new trial under rulings which will permit the medical witness to state the accepted practice at the time in question, if he states he knows what it is. Hopefully Appellant's counsel will endeavor to be of greater aid to the court by framing a more adequate hypothetical question to the medical witness.

Reversed and remanded.