## Commonwealth *v.* Albert, Appellant.

Argued October 1, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused April 1, 1970.

*Barney Phillips,* for appellant.

*Carol Mary Los,* Assistant District Attorney, with her *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, January 30, 1970:
Judgment affirmed.

CONCURRING OPINION BY MR. JUSTICE O'BRIEN:
I fully concur in the result reached by the majority on the merits of this appeal but feel compelled to comment on a facet of the case which concerns me.

In the course of the pretrial, trial, post-trial and appellate proceedings in this matter, appellant has com-

plained that during the period of the service of the jurors serving at the time of the trial, a jury had returned a not guilty verdict in a rape case. He alleges that the trial judge in that case, who was a visiting judge, castigated the jury and told them that had such a verdict been returned in his county, the jurors would have been dismissed immediately and instructions would have been given that they were never again in their lifetimes to serve as jurors. Appellant further complained that this alleged intemperate attack by the trial judge was given wide publicity in the Pittsburgh news media. When the instant case was called for trial, counsel moved for a continuance until a new panel came on duty, in order to avoid any prejudice which might result.

In the instant case, the trial judge instructed the jury very carefully that they were to decide the case on the evidence without fear of anyone, and that it was not his function to attempt to influence the jury in any way.

I cannot see, in view of that instruction, that prejudice resulted from the alleged castigation of a jury by another judge in another case.

Moreover, the record presented to us is such that we cannot determine the nature and extent of the alleged publicity or, for that matter, whether any of the jurors allegedly castigated were members of the jury which heard the instant case. Nevertheless, I feel compelled to say that trial judges should not indulge in the practice of scolding jurors when they bring in verdicts with which the court disagrees. When jurors have once been tongue-lashed by a judge, it is possible that they will, during the remainder of their jury service, seek to avoid additional castigation by reaching verdicts they believe will be pleasing to the court. Trial judges who indulge in this practice should, in my view, discontinue it at once.