UNITED STATES of America, Plaintiff-Appellee,

v.

John CAMPOPIANO, Defendant-Appellant.

No. 972, Docket 71–1280.

United States Court of Appeals, Second Circuit.

Argued June 2, 1971.

Decided July 2, 1971.

Whitney North Seymour, Jr., U. S. Atty. for the S. D. N. Y., Walter J. Higgins, Jr. and Jay S. Horowitz, Asst. U. S. Attys., of counsel, for plaintiff-appellee.

Santangelo & Santangelo, New York City, for defendant-appellant.

Before CLARK, Associate Justice,* SMITH, Circuit Judge, and ZAVATT,** District Judge.

PER CURIAM:

Appellant was convicted of receiving, concealing and facilitating the transportation and concealment of heroin, knowing the same to have been illegally imported in violation of 21 U.S.C. §§ 173, 174.

■ Appellant complains of pre-indictment and pre-trial delay. A complaint was filed on July 6, 1967. The government's attempts to locate Campopiano were unsuccessful until April 8, 1968. There was no showing of deliberate delay by the government, or prejudice to defendant caused by pre-arrest delay. Indeed the evidence shows that he avoided arrest. See United States v. Rivera, 346 F.2d 942 (C.A.2, 1965). Appellant was arraigned on that date and released on bail. He was indicted on January 12, 1970. Although he had not previously requested a speedy disposition of his case, appellant made a motion to dismiss the indictment because of

* Associate Justice, United States Supreme Court (Ret.), sitting by designation.

** District Judge, Eastern District of New York, sitting by designation.

pre-indictment delay. This claim was properly deemed waived. See United States v. Lustman, 258 F.2d 475 (C.A. 2), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958); United States v. Sanchez, 361 F.2d 824 (C.A. 2, 1966). Appellant has not shown that the complained of delay impaired his ability to prepare his defense. See United States v. Feinberg, 383 F.2d 60, 64–65 (C.A. 2, 1967).

■ Appellant also contends that the trial court erred in admitting into evidence a plastic bag containing 200 grams of heroin, on the ground that the government failed to establish a chain of custody between the exhibit and the bag which Campopiano threw from his car and which Agent Raugh recovered on July 5, 1967. We see no merit to this claim. The narcotic agents had been surveilling a house on Olinville Avenue when appellant drove up alone in a car. The agents recognized him and he drove ahead. Agent Raugh was alone in his car, pursued and as appellant speeded up, he threw a bag out of his car. Raugh stopped and recovered the bag from the street. In the meantime other agents in cars joined the chase but appellant eluded them. A few minutes later the agents returned to their Olinville Avenue post. The bag which appellant had thrown from the car was taped up, and Agents Raugh and Gallagher initialed it for identification. The bag was then given to Agent Leya, who was in charge of the group, and a short while thereafter was field tested and weighed by Leya in the presence of Gallagher and placed in a locked, sealed envelope for delivery to the chemist. Both Agents Raugh and Gallagher testified as to this chain of custody. The chemist received the evidence envelope in its sealed condition and testified that its contents consisted of 200 grams of heroin. There was no indication that the contents recovered by Agent Raugh had been tampered with. See United States v. S. B. Penick & Co., 136 F.2d 413 (C. A. 2, 1943). Further there was no proper objection by defense counsel to the in-

troduction of the evidence on this ground. See United States v. Indiviglio, 352 F.2d 276 (C.A. 2, 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). Indeed in lodging his exceptions to the charge, appellant urged that the proof was insufficient only as to his being a dealer in drugs. He admitted that "the government did submit proof as to possession."

Affirmed.