**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arthur Monreal GODOY,**
**Defendant-Appellant.**

**No. 75-2334.**

United States Court of Appeals,
Ninth Circuit.

Dec. 29, 1975.

Rehearing Denied Feb. 2, 1976.

---

Michael J. Brown, P. C. (argued), Tucson, Ariz., for defendant-appellant.

Christopher Pickrell, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

## OPINION

Before ELY and WALLACE, Circuit Judges, and SHARP,[*] District Judge.

PER CURIAM:

Godoy appeals his convictions, after a jury trial, for possession of amphetamine pills with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and carrying a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c)(2). Godoy was arrested in Tucson, Arizona, on October 15, 1974, after attempting to sell 30,000 pills to undercover Drug Enforcement Administration (DEA) agents. Agent Lowe made a field test of two pills and determined that they contained amphetamine. The pills were later sent to a DEA laboratory in Dallas where a forensic chemist also determined that they contained amphetamine. A .25 caliber pistol was found in Godoy's possession at the time of his arrest.

Godoy raises two questions in this appeal: (1) whether it was error to admit into evidence the pills and testimony from a laboratory chemist concerning their chemical content because there was an insufficient showing of a chain of custody; and (2) whether it was reversible error for the trial judge to admit testimony, over Godoy's objection, concerning the results of the field test. We affirm.

■ Godoy first contends that there was an insufficient showing of chain of custody of the pills from the seizure to the trial. In order for the chemist's analysis and the pills themselves to be admitted into evidence, the government must make a prima facie showing that, at the time of the chemist's tests and the trial, the pills tested and introduced in evidence were the same pills, and in sub-

stantially the same condition, as those seized from Godoy. *Gallego v. United States,* 276 F.2d 914, 917 (9th Cir. 1960); 7 J. Wigmore, Evidence § 2135, at 580–81 (3d ed. 1940). The trial court's determination that such a threshold showing has been made will not be disturbed on appeal absent a clear abuse of discretion. *Gallego v. United States, supra,* 276 F.2d at 917.

■ The seizing agents in Tucson kept the pills in a safe overnight and the next morning weighed them at 1449 grams, placed them in a sealed plastic bag and sent them by registered mail to the Dallas laboratory. When the chemist in Dallas removed the pills from the vault some three months later for testing, the seal affixed by the agents in Tucson was unbroken. The gross weight of the pills was 1444.4 grams. When the pills were introduced at the trial, the seals affixed by the agents in Tucson and the chemist in Dallas were still unbroken.

The district court did not abuse its discretion in finding that this showing was sufficient to justify admitting the chemist's analysis and the pills themselves into evidence. The difference between the weights reported by the Tucson agents and the Dallas chemist was less than one-third of one percent of the gross weight. This small discrepancy does not affect admissibility. It could be accounted for by the fact that two different scales were used, one of which had not been calibrated for six months, the other of which was not known to have ever been calibrated. The discrepancy could properly be considered by the jury in assessing the weight to be given to the evidence.

■ Godoy further contends that since a number of government employees had access to the safes in which the pills were stored in Tucson and Dallas, the government must make some showing that these employees did not meddle with the contents of the safes. In ruling on admissibility, however, the court may

* Honorable Morell E. Sharp, United States District Judge, Western District of Washington, sitting by designation.

assume, absent evidence to the contrary, that public officials have properly executed their duties and no additional showing to this effect is required. *Gallego v. United States, supra,* 276 F.2d at 917.

■ Finally, the ambiguous entry on a government form to the effect that some seal was broken when the package containing the pills arrived in Dallas could be considered by the jury in assessing the weight of the evidence but need not preclude admissibility. Other government evidence showed that the seals on the inner package containing the pills had not been broken prior to trial. The court did not abuse its discretion in finding this evidence sufficient to justify admitting the pills and chemical analysis in evidence.

■ Godoy's second contention is that Agent Lowe should not have been allowed to testify, over defense objection that the testimony was incompetent and lacked proper foundation, that the result of the field test of the pills for amphetamine was positive. The basis for the objection was that Lowe was not a qualified expert in chemical analysis. However, we need not reach that issue since the error, if any, was not prejudicial. The nature of the pills was later proven by competent expert testimony. *See Williams v. United States,* 381 F.2d 20, 21 (9th Cir. 1967).

■ However, in affirming this conviction, we do not wish to imply that we approve of the procedures followed by the government in its handling of critical evidence. From the record, there are too many unanswered questions remaining for us to feel completely comfortable about the government's actions in safeguarding the seized contraband.

It is of the utmost importance that, so far as practicalities permit, there should not be a legitimate question about the integrity of physical evidence seized by the government and introduced into evidence against an accused. We therefore express the hope that the government can, in the future, establish more reas-

suring procedures in connection with its accounting for, and tracing of, evidence such as that which is here involved.

Affirmed.