**Walter G. GRADY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9859.**

District of Columbia Court of Appeals.

Argued Feb. 16, 1977.

Decided July 15, 1977.

John W. King, Washington, D. C., appointed by the court, for appellant.

Robert I. Richter, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, William D. Pease, Lawrence H. Wechsler, and Harry R. Benner, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and HARRIS, Associate Judges.

HARRIS, Associate Judge:

■ A jury convicted appellant of first-degree burglary, D.C.Code 1973, § 22–1801(a), and of forcible rape, id. § 22–2801. We find no error and affirm.[1]

The only issue deserving of meaningful discussion is a claim of jury prejudice. Two of appellant's jurors (and one alternate) previously had served on a jury which had acquitted a defendant in another case which had been tried before a different judge. After the verdict in that prior case, the judge remarked:

> I was unable to tell you this during the trial, but the codefendants in this case were released on bail and promptly absconded. The defendant, Mr. McCulloch, is set for trial on his next armed robbery in June. The defendant will remain in jail under the same bond [in his other case].

Appellant claims that these comments intimidated and prejudiced his jury to his detriment.

■ We agree with the many courts which believe that judicial comment on verdicts should be eschewed. *United States v. Daughtry*, 502 F.2d 1019, 1024 (5th Cir. 1974); *United States v. Kyle*, 152 U.S.App.

---

[1] Two assignments of error warrant only brief comment. The physician who examined the victim properly was allowed to testify as an expert medical witness, although he was not a specialist in gynecology. *Baerman v. Reisinger*, 124 U.S.App.D.C. 180, 363 F.2d 309 (1966); *Jenkins v. United States*, 113 U.S.App. D.C. 300, 306–07, 307 F.2d 637, 643–44 (1962) (en banc); *Sher v. DeHaven*, 91 U.S.App.D.C. 257, 262, 199 F.2d 777, 782 (1952), *cert. denied*, 345 U.S. 936, 73 S.Ct. 797, 97 L.Ed. 1363 (1953). His observations amply supported his opinion.

Similarly, the showup at which the victim identified appellant was not unduly suggestive with serious risks of misidentification. It was far less suggestive than the one found constitutionally adequate in *Neil v. Biggers*, 409 U.S. 188, 193–201, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

D.C. 141, 144, 469 F.2d 547, 550 (1972), *cert. denied*, 409 U.S. 1117, 93 S.Ct. 920, 34 L.Ed.2d 700 (1973); *People v. Deneweth*, 14 Mich.App. 604, 165 N.W.2d 910, 917 & n.19 (1968) (Levin, P. J., concurring); *State v. Eskew*, 192 Neb. 76, 218 N.W.2d 898, 901–02 (1974); *Commonwealth v. Albert*, 437 Pa. 195, 262 A.2d 855, 855–56 (O'Brien, J., concurring), *cert. denied*, 400 U.S. 825, 91 S.Ct. 49, 27 L.Ed.2d 54 (1970). We urge Superior Court judges to follow the American Bar Association's sound standard on this subject [ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, § 5.6 (Approved Draft 1968)]:

> While it is appropriate for the court to thank jurors at the conclusion of a trial for their public service, such comments should not include praise or criticisms of their verdict.

■ Considering the facts of this case, however, we do not believe that the first judge's remarks could be said to have biased the two jurors against appellant. First, the comments were relatively mild, and constituted more of an allusion to the problems of recidivism than a direct criticism of that particular verdict.[2] Second, appellant's trial judge, unlike those in the cited federal cases [*see United States v. Daughtry, supra*, at 1023; *United States v. Kyle, supra*, 152 U.S.App.D.C. at 146, 469 F.2d at 552 (Bazelon, C. J., dissenting)] held hearings to question the two jurors.[3] His decision that they were not prejudiced has abundant evidentiary support. Third, the two trials were quite dissimilar, with different charges, judges, lawyers, witnesses, and defendants. *See United States v. Kyle, supra*, at 144, 469 F.2d at 550. Finally, as in *United States v. Kyle, supra*, at 145, 469 F.2d at 551, the government presented a strong case. Its evidence of guilt was undisputed, and the jury was amply justified in deciding that appellant had failed to prove his alleged insanity. *See* D.C.Code 1973, § 24–301(j).

*Affirmed.*

2. Assuredly they were more moderate than the comments in the cases we have cited in the text.

3. Pretrial voir dire also had provided a searching inquiry into possible prejudice.