UNITED STATES, Appellee,

v.

Specialist Four (E–4) Lino H. ORTIZ, SSN 052–44–9687, United States Army, Appellant.

SPCM 14125.

U. S. Army Court of Military Review.

12 Feb. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Hollis C. Lewis, Jr., JAGC, and Major Lawrence J. Sandell, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Major Douglas P. Franklin, JAGC, and Captain Kenneth H. Clevenger, JAGC, were on the pleadings for appellee.

Before JONES, CLAUSE and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

LEWIS, Judge:

Contrary to his pleas, the appellant was convicted by a military judge sitting as a special court-martial of possession of heroin in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. His approved sentence extends to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $250.00 pay per month for six months, and reduction to the grade of Private E–1. The case is before us for mandatory review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

The appellant asserts as his single assignment of error that the evidence is insufficient to support the findings on the grounds that: 1) a white paper packet containing a powder, a chain of custody receipt (DA Form 4137) and a laboratory report were

inadmissible because the Government failed to show an unbroken chain of custody, and 2) the chain of custody receipt was inadmissible because it was hearsay and prepared principally with a view to prosecution.

In his case in chief, the trial counsel called as witnesses two German policemen who apprehended appellant on 28 October 1978 for possession of the purported heroin that is the subject of his charge. After recounting the facts leading up to the seizure of the heroin packet, each policeman properly identified the packet and went on to testify that they did not test its contents. Instead, the packet was turned over to an unnamed member of "the protection police" that same day. There was no other testimony regarding the chain of custody or safeguarding of the packet seized. At the conclusion of this testimony, the trial counsel offered the packet, the evidence receipt (DA Form 4137) and the lab report into evidence. They were received without defense objection, and the Government rested.

In order for the chemist's report and the packet itself to be admitted into evidence, the Government had to make a prima facie showing of relevance. In this context, it had to show that, at the time of the chemist's tests and at the trial, the contents of the packet tested and introduced in evidence were the same contents and in substantially the same condition as those seized from the appellant.

We believe it useful to proceed with a step-by-step analysis of the law in the area of the admissibility of real evidence and reports of laboratory analysis of such evidence. At the outset, we observe that *United States v. Nault*, 4 M.J. 318 (C.M.A. 1978), clearly reflects the purpose of the Court of Military Appeals to turn to federal civilian practice for guidance in this area, and we follow our senior court's lead. *See also*, Article 36(a), UCMJ, 10 U.S.C. § 836(a), and Manual for Courts-Martial,

United States, 1969 (Revised edition), paragraph 137.

We first note the general rule of evidence requiring that an objection to evidence that is not patently irrelevant must state accurately the ground on which inadmissibility is claimed and state this with a reasonable degree of specificity. *United States v. Indiviglio*, 352 F.2d 276 (2d Cir. 1965), *cert. denied*, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). The failure to make a timely objection to the admissibility of evidence constitutes a waiver of the right to object and, ordinarily, cures error if there is any. *United States v. Christopher*, 488 F.2d 849 (9th Cir. 1973); *United States v. Campopiano*, 446 F.2d 869 (2d Cir. 1971); *Sandoval v. United States*, 285 F.2d 605 (10th Cir. 1960). *See also* Fed.R.Crim.P. 51 and 52 and Fed.R.Evid. 103. At present, these rules do not apply to military practice inasmuch as MCM, 1969 (Rev. ed.), para. 154*d*, provides that objections to the admission of evidence are not waived by mere failure to object.[1]

Within the federal scheme, upon timely, specific objection, the trial judge must determine whether there has been an adequate showing that the proffered object is in substantially the same condition as when the alleged offense was committed.[2] Factors for the judge's consideration include the nature of the object, the circumstances surrounding the preservation and custody of it and the likelihood of intermeddlers tampering with it. *United States v. Lane*, 591 F.2d 961 (D.C.Cir.1979); *United States v. Luna*, 585 F.2d 1 (1st Cir. 1978); *United States v. Daughtry*, 502 F.2d 1019 (5th Cir. 1974); *Gallego v. United States*, 276 F.2d 914 (9th Cir. 1960); *United States v. S. B. Penick & Co.*, 136 F.2d 413 (2d Cir. 1943). In establishing that the evidence is the same item in substantially the same condition as when it was originally seized, *United*

---

1. We understand that MCM, 1969 (Rev. ed.), Chapter XXVII, Rules of Evidence, is undergoing extensive revision. This revision will adopt most of the Federal Rules of Evidence, including Rule 103.

2. In light of the current general military rule against implied waiver of objection, a military judge would automatically proceed to this phase of analysis even in the absence of an objection.

*States v. Clark*, 425 F.2d 827 (3d Cir. 1970); *United States v. Jones*, 404 F.Supp. 529 (E.D.Pa.1975), *aff'd mem.* 538 F.2d 321 (3d Cir. 1976), the Government must eliminate the possibilities of misidentification and adulteration, not absolutely, but as a matter of reasonable certainty. *United States v. Haldeman*, 559 F.2d 31 (D.C.Cir.1976); *United States v. Bridges*, 499 F.2d 179 (7th Cir. 1974); *United States v. Robinson*, 447 F.2d 1215 (D.C.Cir.1971); *Gass v. United States*, 416 F.2d 767 (D.C.Cir.1969). *See also United States v. Jenkins*, 5 M.J. 905 (ACMR 1978). In meeting this requirement, the Government benefits from a presumption of proper handling while in the custody of a public officer, including law enforcement officers. The courts presume that public officials properly discharge their official duties. *United States v. Lane, supra; United States v. Luna, supra; United States v. Godoy*, 528 F.2d 281 (9th Cir. 1975); *United States v. Daughtry, supra; United States v. Brown*, 482 F.2d 1226 (8th Cir. 1973); *United States v. Campopiano, supra; West v. United States*, 359 F.2d 50 (8th Cir. 1966); *Brewer v. United States*, 353 F.2d 260 (8th Cir. 1965); *Gallego v. United States, supra; Pasadena Research Laboratories v. United States*, 169 F.2d 375 (9th Cir. 1948), *cert. denied*, 335 U.S. 853, 69 S.Ct. 83, 93 L.Ed. 401 (1948); *United States v. S. B. Penick & Co., supra*.

■ In military law, *United States v. Nault, supra*, does not reject this presumption with regard to police custodians, though a casual reading of *Nault's* Footnote 8 may suggest that conclusion. In our view, the Court of Military Appeals simply declined to extend the presumption of regularity of *handling* to substitute for the in-court testimony of a prosecutorial agent that a *fungible* article passed on to the next member in the chain of custody was the same article that he received from the preceding member. Thus Footnote 8 deals with an issue of identity of the article and not safeguarding it from tampering or adulteration. *Compare Novak v. District of Columbia*, 160 F.2d 588 (D.C.Cir.1947), *with Gass v. United States, supra.* Read in this manner, *Nault* is consistent with federal practice.[3]

■ Finally, in ruling on questions of admissibility in this area, the trial judge is given broad discretion and his ruling will not be disturbed on appeal absent an abuse of discretion. *United States v. Luna, supra; United States v. Godoy, supra; United States v. Daughtry, supra; United States v. Bridges, supra; United States v. Brown, supra; United States v. Stevenson*, 445 F.2d 25 (7th Cir. 1971), *cert. denied*, 404 U.S. 857, 92 S.Ct. 108, 30 L.Ed.2d 99 (1971); *United States v. Clark, supra; West v. United States, supra; Brewer v. United States, supra; Gallego v. United States, supra.*

■ In the instant case, the two German policemen made an uncontroverted, in-court identification of the packet as being the one seized from the appellant. The packet itself, unlike the subsequently pulverized tablet in *Nault*, was not fungible, and we find no abuse of discretion when the military judge admitted it. We likewise see no reason to limit to United States federal, state and local authorities the presumption that public officials properly perform their official acts. Accordingly, there is a presumption that these German policemen properly safeguarded the packet with its contents and passed it to the next custodian in a substantially unaltered state.

We next turn to the report of laboratory analysis which, if its logical relevance can be established by linking it to the exhibit

**3.** Curiously, neither *United States v. Jones*, 404 F.Supp. 529 (E.D., Pa.1975), *aff'd. mem.* 538 F.2d 321 (3d Cir. 1976), nor *United States v. Bass*, 8 U.S.C.M.A. 299, 24 C.M.R. 109 (1957), cited in *Nault*, Footnote 8, involved facts necessitating a discussion of presumptions of regular handling. Rather the exhibits in those cases were authenticated either with a complete in-court testimonial chain (*Jones, supra*) or by utilizing a sealed container with independently identifiable characteristics (*Bass, supra*), or both (*Jones, supra*). Therefore the absence in the cases of any discussion of a presumption of regular handling is fully understandable and cannot stand for the proposition that their authors reject the rule that favors such a presumption.

seized from the appellant, would be admissible under *United States v. Strangstalien*, 7 M.J. 225 (CMA 1979), and *United States v. Evans*, 21 U.S.C.M.A. 279, 45 C.M.R. 353 (1972). The Government at trial utilized a completed DA Form 4137, Evidence/Property Custody Document, for this purpose. Examination of it discloses that it commences with a German police custodian who we have no assurance was the same one who received the packet from the seizing officers.[4] Thus, while we may presume regular handling in the sense that evidence generally is safeguarded from tampering, we derive no proof of the *identity* of the packet from the custody document by tracing custody forward from the time of seizure to the time of lab analysis. Accordingly, even with the custody document, there exists a gap in the chain of custody utilizing a forward trace. We believe it possible, however, to use the policemen's in-court identification of the packet along with a backward trace via the custody document (if admissible) from the time of trial to the time of lab analysis to furnish a reasonable assurance of identity. This would combine with the presumption of safeguarding throughout the packet's entire passage through police hands to forge adequate links that establish the relevance of the lab report and its admissibility by the military judge.

■ Because the above analysis depends upon the admissibility of the custody document, we are compelled to address whether we must afford retroactive application to the holdings of *United States v. Porter*, 7 M.J. 32 (CMA 1979), and *United States v. Neutze*, 7 M.J. 30 (CMA 1979), that such documents are inadmissible hearsay.[5] While we find considerable intrinsic persuasiveness in the conclusion expressed in *United States v. Parker*, 8 M.J. 584 (ACMR 1979), that the rule of *Porter* should not be applied retroactively, we cannot ignore the clear expression of a contrary conclusion

recently manifested by several summary dispositions of the Court of Military Appeals that, in reversing on this issue, simply cited *Nault, supra*, with Judge Cook dissenting in each. *See United States v. Guinn*, 7 M.J. 475 (CMA 1979); *United States v. Bagby*, 7 M.J. 476 (CMA 1979); *United States v. Tresvant*, 7 M.J. 476 (CMA 1979); and *United States v. McKinney*, 7 M.J. 477 (CMA 1979). *See also United States v. Lewis*, 8 M.J. —— (ACMR 12 December 1979). *Contra United States v. Zihlman*, CM 437794 (ACMR 12 December 1979). Therefore we find that the military judge in this case erred in admitting the custody document. We also find that, without such document, there is insufficient evidence to establish the relevance of the lab report and, through that report, the contraband nature of the substance seized.

■ We are urged by government appellate counsel to nevertheless sustain appellant's conviction on the basis of the German policemen's testimony that the appellant tried to hide the packet when they accosted him in an area known for drug abuse. They also argue that the appellant's voluntary and unsolicited complaint to his commander that the police were trying to "frame" him constituted an admission that the packet contained heroin. Finally, they argue that he did not deny at trial that the packet seized contained heroin. As to this last assertion, appellant's plea of not guilty constituted a general denial that required the Government to prove beyond a reasonable doubt each of the elements of the offense. As to the other circumstantial evidence, we are not satisfied that it rises to the level of proof beyond a reasonable doubt, nor are we persuaded that the erroneous admission of the lab report was harmless beyond a reasonable doubt.

Because it may still be possible for the Government to meet its burden in this case, we will allow for the possibility of a rehearing.

---

4. In fact, the allied papers suggest that the custodian after the seizing officers was not the same person whose name appears in the first blank of the custody document.

5. The appellant was tried prior to the decisions in *United States v. Porter, supra*, and *United States v. Neutze, supra*.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge JONES concurs.

Judge CLAUSE dissenting:

With respect to Prosecution Exhibit 2, DA Form 4137, the custody document, I would adopt the position of Senior Judge Fulton in *United States v. Parker*, 8 M.J. 584 (ACMR 1979), that *United States v. Porter*, 7 M.J. 32 (CMA 1979), should only be applied prospectively. I would affirm.