UNITED STATES, Appellee,

v.

Staff Sergeant Vernon C. JONES, SSN 566–76–9748, United States Army, Appellant.

SPCM 17434.

U.S. Army Court of Military Review.

16 March 1983.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Joyce E. Plaut, JAGC, and Captain Marcus C. McCarty, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Andrew D. Stewart, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

MELNICK, Senior Judge:

Appellant was convicted, contrary to his pleas, of two specifications each of posses-sion, transfer and sale of marihuana in vio-lation of Article 134, Uniform Code of Mili-tary Justice, 10 U.S.C. § 934 (hereinafter UCMJ). He was sentenced to a bad-con-duct discharge, confinement at hard labor for five months, forfeiture of $367.00 pay per month for five months, and reduction to the grade of Private E–1. The convening authority approved the sentence.

Two errors raised by appellant merit dis-cussion.

### I

After closing on findings, the court-mar-tial re-opened and the president asked for instructions on reconsideration of a specifi-cation. The military judge initially advised the court that it must reconsider a finding of guilty if three members vote to reconsid-er and reconsider a vote of not guilty if four members vote to reconsider. During the recess which followed, the military judge checked his computations and then advised the members:

"To reconsider a prior guilty finding, four members will have to vote for that. Not guilty, five members, a majority of the court. Okay? Any questions?"

"[A] determination to reconsider a find-ing of guilty . . . may be made by any . . . vote [less than a majority] which indicates that the reconsideration is not opposed by the number of votes required for that find-ing." Article 52(c), UCMJ, 10 U.S.C. § 852(c). The panel consisted of eight members; in order to find appellant guilty of any specification, two-thirds of the panel, six members, had to concur, Article 52(a)(2), UCMJ, 10 U.S.C. § 852(a)(2). Thus, six of the eight members must oppose reconsider-ation of a finding of guilty to preclude it. Stated another way, only three votes were required for the panel to reconsider. Para-graph 74d(3), Manual for Courts-Martial, United States, 1969 (Revised edition). Sim-ilarly, a majority vote is necessary to recon-sider a finding of not guilty. Article 52(c), supra; paragraph 74d(3), supra. Here that is five members. Thus, the military judge was wrong, in part, on both attempts to

instruct the court. On his second attempt he erred in his advice as to reconsideration of a finding of guilty. Only three votes were necessary to do so.

■ An erroneous instruction on the procedure for reconsideration of findings is presumptively prejudicial. *United States v. Boland,* 20 U.S.C.M.A. 83, 42 C.M.R. 275 (1975). Conceding prejudice, the government urges this Court to limit the prejudice, *i.e.,* it argues that the error "did not infect the entire proceeding." We are asked to focus on the words of the president at the time court was reopened for instructions and, as an appropriate curative measure, to set aside a single specification. Apparently any specification will do.

■ The fact that the president requested instructions to "reconsider a specification [the members had] voted on" is not dispositive. The court-martial deliberated approximately one hour before requesting reconsideration instructions. After receiving the erroneous instructions, the members retired to another hour of deliberations before ultimate findings were reached and announced. "Not being privy to what transpired during the court's deliberations we can, at best, only speculate as to the effect of the erroneous instruction." *United States v. Mooney,* 44 C.M.R. 668, 669 (A.B.R.1971). The basis for a finding that the court members voted to reconsider only one specification in the second hour, as with the Government's contention that the members had only voted on one specification in the first hour of deliberation, can be nothing more than speculation. Because we cannot limit the extent of prejudice with any degree of certainty we must set aside all the findings. *See United States v. Sexton,* 28 C.M.R. 775 (A.F.B.R.1959). Normally our holding on this issue would make it unnecessary to discuss any remaining issue. Because we will authorize a rehearing, we feel it appropriate to discuss findings on another asserted error.

## II

The second issue concerns comments by the military judge to an earlier court-martial panel. Nineteen days prior to appellant's court-martial the judge presided at the trial of another accused, one Darville. Three of the eight members of appellant's court-martial panel sat on the panel in *Darville.* After sentence was announced in the *Darville* case, the military judge directed a number of comments to the court members. His remarks included his views regarding appropriate sentences for drug offenses, and his opinion that the sentence adjudged in *Darville* was less than appropriate. Although on voir dire at appellant's trial the military judge denied having stated that the court members had violated the oath that they had taken on that particular day, or that "This panel is unfit to sit on further cases," his comments had no less the effect of castigating the *Darville* court members for their decision in that case.

The military judge clearly erred when he expressed his personal views to the court-martial. *United States v. Daughtry,* 502 F.2d 1019 (5th Cir.1974); *United States v. Kyle,* 469 F.2d 547 (D.C.Cir.1972), *cert. denied,* 409 U.S. 1117, 93 S.Ct. 920, 34 L.Ed.2d 700 (1973); *State v. Eskew,* 192 Neb. 76, 218 N.W.2d 898 (Neb.1974); *Commonwealth v. Albert,* 437 Pa. 195, 262 A.2d 855 (Pa.), *cert. denied,* 400 U.S. 825, 91 S.Ct. 49, 27 L.Ed.2d 54 (1970); *People v. Deneweth,* 14 Mich. App. 604, 165 N.W.2d 910 (Mich.1968). "While it is appropriate for the court to thank jurors at conclusion of a trial for their public service, such comments should not include praise or criticism of their verdict." Standards for Criminal Justice § 15–46 (1980); The Function of the Trial Judge § 5.13 (Approved Draft 1972); Trial By Jury § 5.6 (Approved Draft 1968). "Critical or laudatory words with reference to the verdict may unduly influence jurors during the remainder of their term and should accordingly be excised from the trial judge's vocabulary." *United States v. Kyle, supra* at 550. A presiding military judge may not attempt to influence a court-martial by expressions of personal opinion regarding findings or sentence. Article 37, UCMJ, 10 U.S.C. § 837.

■ An accused is entitled to a trial in which the military judge and members have a fair and open mind. *United States v. Deain,* 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954). The prospective court member must be "mentally free to render an impartial finding and sentence based on the law and the evidence." *United States v. Parker,* 6 U.S. C.M.A. 274, 284–85, 19 C.M.R. 400, 410–11 (1955).

■ The government argues that appellant was not prejudiced by the judge's comments in the prior case because only three of the eight members served in the *Darville* case and all eight members indicated during voir dire that they could impartially try appellant's case. We disagree. Voir dire also disclosed that the entire panel had discussed among themselves the comments of the military judge. The military judge made no attempt to lessen the effect of his diatribe by disavowing any attempt to influence or by giving cautionary instructions. It seems obvious, moreover, that he could have had no purpose other than influencing future decisions by members of the *Darville* panel. Clearly, the likelihood of improper influence is strong despite the members' protestations to the contrary. We cannot say the members were not influenced both as to findings and sentence.

The absence of a challenge by defense counsel is not controlling here. The military judge had an affirmative responsibility to avoid the appearance of evil in his courtroom and to foster public confidence in court-martial proceedings. *United States v. Rosser,* 6 M.J. 267 (C.M.A.1979). The military judge had a duty to *sua sponte* insure that his comments had no affect on appellant's case.

In light of the errors noted, the findings and sentence are set aside. A rehearing may be ordered by the same or a different convening authority before a different military judge.

Judge McKAY and Judge LEWIS concur.