**UNITED STATES, Appellee,**

v.

**Donald R. ZONE, Private First Class, U. S. Army, Appellant.**

No. 34,534.
CM 434385.

U. S. Court of Military Appeals.

May 7, 1979.

For Appellant: *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain John E. Caulking, Captain William L. Finch* (on brief); *Lieutenant Colonel John R. Thornock.*

For Appellee: *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Richard A. Kirby* (on brief); *Major Michael B. Kennett.*

Opinion of the Court

PER CURIAM:

We granted the appellant's petition for review to consider two of his assignments of error. Because of our disposition of one, the other need not be addressed.

In the course of testimony as to the drug transaction of which the appellant stood accused and now stands convicted,[1] a government witness stated that he had been informed before the transactions that the appellant was "a heroin dealer" and had sold heroin to the informant "on from twenty to thirty occasions." No objection was interposed by civilian defense counsel.

The testimony noted was hearsay evidence[2] which was not subject to any of the exceptions to its exclusion from trial.[3] It is of no moment that the civilian defense counsel failed to object thereto, for paragraph 139a, Manual for Courts-Martial, United States, 1969 (Revised edition), provides:[4]

> Hearsay may not be recited or otherwise introduced in evidence, and it does not become competent evidence by reason of a mere failure to object to its reception in evidence.

1. Possession and sale of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence, approved by the convening authority and affirmed by the United States Army Court of Military Review, extends to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for 8 years.

2. Para. 139a, Manual for Courts-Martial, United States, 1969 (Revised edition).

3. *Id.* at paras. 140–146.

4. This being an evidentiary provision, it has the force and effect of law, *see* Article 36, UCMJ, 10 U.S.C. § 836, unless contrary to higher authority—such as the Constitution of the United States—which it is not.

Explaining the military's position in this matter, the Army's evidence text observes: [5]

> The majority, civilian rule is that if hearsay is admitted without objection, the finder of fact may give the hearsay its natural probative value. The Manual adopts the minority view that incompetent hearsay is absolutely inadmissible and that even if it is admitted without objection, the finder of fact may not give the evidence any probative value. If the only basis for a finding of fact is incompetent hearsay, the finding of fact cannot be sustained.

Hence, according to military evidence law, testimony concerning the informant's having told the witness that the appellant was "a heroin dealer" and had sold heroin to the informant "on from twenty to thirty occasions" was improperly admitted in this trial, with or without objection by the defense. Naturally, this evidentiary misstep by the military judge must be tested for prejudice to the appellant, but in this trial for possession and sale of heroin, prejudice from material of this content is manifest.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

COOK, Judge (dissenting):

Appellant's petition for review was granted to consider two of several assignments of error. I conclude that the first issue lacks merit and the second requires reassessment of the sentence.

The first issue concerns the alleged failure of the trial judge to take appropriate action in regard to evidence of offenses by appellant that were not charged. In the course of testimony as to drug transactions with appellant that occurred on July 3, 1975, a government witness stated he had been informed, before the transactions, that appellant was "a heroin dealer" and had sold heroin to the informant "on from twenty to thirty occasions." No objection was interposed by civilian defense counsel at the time of that testimony, and no motion to strike was made, then or later. At an out-of-court hearing on proposed instructions to the court members, the judge called attention to the witness' testimony as to appellant's other misconduct. Defense counsel advised the judge that he desired to "waive" any instructions on the matter, and no limiting instructions were given. In my opinion, the failure to object or move to strike the testimony, and counsel's assertion of a waiver of appropriate instructions preclude appellant from now asserting the alleged error as grounds for reversal of his conviction. Cf. United States v. Grunden, 2 M.J. 116 (C.M.A.1977).

The second assignment of error requires determination of whether the trial judge prejudiced appellant by instructing the court members that they could consider evidence of other misconduct in their deliberations on the sentence. In addition to the previously mentioned testimony that was introduced during sentencing, before the findings of guilty, regarding the 20 to 30 sales of heroin, evidence of misconduct subsequent to that charged was also admitted. The judge instructed the court members that "the uncharged misconduct" could be considered by them "in deciding an appropriate punishment for the offenses of which you have convicted the accused." Appellate government counsel contend that the evidence of misconduct admitted during the sentencing proceedings was properly received and could be considered by the court members. Paragraphs 138g and 153b (2)(b), Manual for Courts-Martial, United States 1969 (Revised edition); see also United States v. Bryant, 3 M.J. 9, 11 (C.M.A.1977). However, they concede the evidence received earlier was not properly before the court members and could not be considered in assessment of the punishment. As the

---

5. Criminal Law Materials (The Judge Advocate General's School, United States Army), Vol. II, Evidence, Chapter 31, para. I.D.

sentencing instructions failed to distinguish between the two, the Government concedes error and admits that "sentence reassessment is required." In my opinion, the implied concession that appellant was harmed by the error is justifiable.

For the reasons noted, I would affirm the decision of the United States Army Court of Military Review as to the findings of guilty and reverse it as to the sentence, and return the record of trial to that court for reassessment thereof.