**UNITED STATES, Appellee,**

v.

**John H. NEUTZE, Corporal, U. S. Army, Appellant.**

No. 36,180.

SPCM 12871.

U. S. Court of Military Appeals.

May 7, 1979.

Appearances: For Appellant *Captain William L. Finch* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Captain Grifton E. Carden* (on brief).

For Appellee—*Captain Stephen P. Henderson* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major John F. DePue, Captain Richard A. Kirby* (on brief); *Captain Richard A. Cefola.*

Opinion of the Court

FLETCHER, Chief Judge:

The appellant in this case was tried before special court-martial members and convicted of several [1] offenses including possession of marihuana. We granted a hearing for the express purpose of examining the sufficiency of the evidence in light of an alleged gap in the chain of custody over the substance taken from the appellant. After examination of the briefs and record of trial in this case, we find the Government has failed to establish the chain of custody of the alleged marihuana, which requires us to reverse the findings of guilty of that charge and specification.

Prosecution exhibit 1(DA Form 4137), which was admitted in evidence, was the only evidence tracing those in custody of the round orange smoking device seized from the appellant and later successfully analyzed for the positive presence of marihuana. This was insufficient since this form constituted incompetent inadmissible hearsay. Paragraph 139*a*, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Porter,* 7 M.J. 32 (C.M.A.1979). The form was executed "principally with a view to prosecution." Paragraph 144*d*, Manual, *supra; United States v. Porter, supra; United States v. Nault,* 4 M.J. 318, 320 n. 7 (C.M.A. 1978). In this case, unlike *Porter,* the DA Form 4137 was admitted into evidence

---

1. Contrary to his pleas, the appellant was found guilty of striking a superior officer, disobeying an order of a superior officer, dereliction of duty, and possession of marihuana, in violation of Articles 90, 92 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892 and 934, respectively.

without objection. The failure here to object is of no moment inasmuch as paragraph 139*a*, Manual, *supra*, provides: [2]

> Hearsay may not be recited or otherwise introduced in evidence, and it does not become competent evidence by reason of a mere failure to object to its reception in evidence.

Thus, under the military evidentiary rule, even in absence of objection, the chain of custody form remained incompetent and the Government failed in its burden of showing chain of custody.

The decision of the United States Army Court of Military Review is reversed as to Charge III and its specification, and the sentence. The charge is dismissed. The record is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for reassessment of the sentence based on the remaining findings of guilty.

Judge PERRY concurs.

COOK, Judge (dissenting):

On the basis of my separate opinion in *United States v. Nault,* 4 M.J. 318, 320 (C.M.A.1978), I would affirm the decision of the United States Army Court of Military Review.

2.  *See United States v. Zone,* 7 M.J. 21 (C.M.A.1979).