**UNITED STATES, Appellee,**

v.

**Ronnie PORTER, Jr., Private First Class, U. S. Army, Appellant.**

No. 36,337.

CM 436467.

U. S. Court of Military Appeals.

May 7, 1979.

For Appellant: *Captain William L. Finch* and *Captain Grifton E. Carden* (on brief).

For Appellee: *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Douglas P. Franklin,* and *Captain Glen D. Lause* (on brief).

Opinion of the Court

PER CURIAM:

Appellant was convicted by a general court-martial of possession, sale, and transfer of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a dishonorable discharge, confinement for 1 year, total forfeitures, and reduction to the lowest enlisted grade. The convening authority and the United States Army Court of Military Review approved the findings and sentence. We granted review to consider the appellant's contentions that (a) evidence which was introduced at his trial was discovered and seized pursuant to a search authorization issued by his brigade commander who was *per se* disqualified under the Fourth Amendment to the United States Constitution to act as a magistrate in authorizing searches and seizures; and (b) that the Government failed to prove through an unbroken chain of custody that the heroin introduced in court was the same item which was seized from him.

■ *United States v. Ezell,* 6 M.J. 307 (C.M.A.1979), is dispositive of the first issue. We held that military commanders are not *per se* disqualified to act as magistrates in authorizing searches and seizures in cases within their purview. Moreover, in this case, we find no evidence that impugns the neutrality and detachment of the Brigade Commander who authorized the search of the appellant's quarters.

The appellant further challenges the admission of two DA Form 4137s into evidence (prosecution exhibits 1 and 2), which purported to establish a complete chain of

custody of the heroin from the time of its seizure from the appellant to the time of its analysis in the laboratory. These forms were admitted as evidence despite the appellant's strenuous objection that they constituted inadmissible hearsay because they were primarily prepared for prosecution and, thus, they could not qualify under the official record or business entry exceptions to the rule against hearsay evidence. In addition to renewing this argument here, the appellant also argues on this appeal that the Government failed to meet its burden of proof, since it did not show that the heroin was not mishandled, altered or tampered with after its seizure.

■ In the trial of criminal cases, evidence introduced against an accused must be shown to be what it is claimed to be through a process known as identification or authentication. In a case such as this one, bases upon a charge that the accused unlawfully possessed a narcotic drug, the evidence will have passed through several hands before being introduced in court. In such cases, it is necessary that the Government establish a complete chain of custody, identifying all persons who handled, stored, or otherwise transferred the evidence from the time it was obtained from the accused until it is presented in court. In *United States v. Nault,* 4 M.J. 318 (C.M.A.1978), we observed that "in-court identification of pills and other fungible items by a competent witness is generally not permitted where the item is neither readily identifiable, marked distinctively, nor possessed of individuated characteristics." Accordingly, we held: "Generally fungible evidence becomes admissible and material through a showing of continuous custody which preserves the evidence in an unaltered state."

Id. at 319. This is true because the identity of the narcotic as a prohibited substance and the fact that the accused possessed it are matters concerning which the Government has the burden of proof.

The chain of custody forms offered by the prosecution as evidence constituted hearsay, incompetent and inadmissible under paragraph 139*a* of the Manual for Courts-Martial, United States, 1969 (Revised edition). Moreover, as these forms were obviously prepared "principally with a view to prosecution," they were not admissible under paragraph 144*d* of the Manual. *United States v. Nault, supra.* As no witness established the identity of the narcotic substances which were presented as that which had been obtained from the appellant, the evidence should not have been admitted. *United States v. Nault, supra.*

Accordingly, the decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

COOK, Judge (concurring in part and dissenting in part):

As indicated in my separate opinion in *United States v. Ezell,* 6 M.J. 307 (C.M.A. 1979), I agree that the commanding officer was qualified to authorize the search. In accordance with my separate opinion in *United States v. Nault,* 4 M.J. 318, 320 (C.M.A.1978), I would sustain the trial judge's ruling admitting the government exhibits into evidence, and affirm the decision of the United States Army Court of Military Review.