UNITED STATES, Appellee,

v.

Private First Class Raymond F. CHONG, Jr., SSN 575–76–5628, United States Army, Appellant.

CM 438013.

U. S. Army Court of Military Review.

29 Oct. 1979.

---

**28.** *United States v. Miller, supra,* 48 C.M.R. at 826.

**29.** We would apply the decision only to trials begun on and after 8 May 1979.

Colonal Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, and Captain Landon P. Snell, III, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and DRIBBEN, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was convicted of wrongful possession of heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced him to a bad-conduct discharge, confinement at hard labor for two months, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

At trial, the prosecution offered a property custody document (DA Form 4137) to show the chain of custody of the heroin from the time it was obtained from the appellant until it was analyzed in a military crime laboratory and returned to the mili-

tary police evidence custodian. The Government also offered the laboratory report showing the substance to be heroin, as well as the substance itself which was wrapped in four paper packets in a plastic bag. A fingerprint expert identified latent prints on the packets as those of the appellant's.[1] The appellant objected to the admissibility of the chain-of-custody document on the grounds that it was hearsay. He objected to the admissibility of the substance and to the laboratory report essentially for failure to authenticate the report. Additionally, he objected to the substance because of a gap in the chain of custody. The objections were overruled and the exhibits received in evidence.

In two recent cases, the Court of Military Appeals held that chain-of-custody documents are inadmissible as hearsay because they are prepared with a view to prosecution. *United States v. Porter*, 7 M.J. 32 (C.M.A.1979); and *United States v. Neutze*, 7 M.J. 30 (C.M.A.1979). However, as we conclude that the laboratory report and the heroin itself were properly admissible without regard to the chain-of-custody document, we need not determine whether those decisions should be given prospective effect only, as urged by the Government. In this connection, *see United States v. Parker*, 8 M.J. 584 (A.C.M.R.1979), where another panel of this Court held *Neutze* to be prospective in application.

■ A laboratory report may be received in evidence as a business-entry exception to the hearsay rule. *United States v. Strangstalien*, 7 M.J. 225 (C.M.A.1979); *United States v. Miller*, 23 U.S.C.M.A. 247, 49 C.M.R. 380 (1974); *United States v. Evans*, 21 U.S.C.M.A. 579, 45 C.M.R. 353 (1972). A business entry is a writing or memorandum of a fact or event made in the regular course of business whose regular course is to make the writing or memorandum at the time of the fact or event or within a reasonable time thereafter. Para-

graph 144c, Manual for Courts-Martial, United States, 1969 (Revised edition). To be admissible, a business entry, like any other document, must be authenticated unless waived affirmatively or by a failure to object. Paragraph 143b(1), Manual, *supra*. Authentication is the process of establishing that an item of evidence is what it purports to be. A writing offered as a business entry may be authenticated by a showing "that it came through a reliable source from a business whose regular course it was to make a memorandum or record" of the particular fact or event. Paragraph 144c, Manual, *supra*. This showing was made.

■ Although no witness testified that it was within the regular course of business of the military crime laboratory to analyze substances suspected to be narcotics and to record the results of the analysis, the military judge in effect took judicial notice of those facts. This was proper. *See United States v. Evans, supra*. The requirement that the report "came through a reliable source" from the crime laboratory was also met, albeit somewhat obliquely. The report is in two parts—fingerprint comparison and chemical analysis. The chemist did not testify, but the fingerprint expert at the laboratory did. He stated that he examined the packets containing the questioned substance and transmitted them to the chemist for analysis. This testimony, together with the matter judicially noticed by the military judge was sufficient to establish the laboratory report as a business entry.

■ To be relevant, however, the report must be connected with the appellant. In this regard, the appellant contends that the questioned substance was inadmissible because of a breach in the chain of custody. Fungible evidence such as narcotic drugs becomes admissible "through a showing of continuous custody which preserves the evidence in an unaltered state." *United States v. Nault*, 4 M.J. 318, 319 (C.M.A. 1978).[2] Testimony at the trial established

---

1. The appellant dropped the heroin as he was being taken into custody on related charges.

2. The rule in the federal courts is articulated in terms of "substantially the same condition." *See e. g., United States v. Clark*, 425 F.2d 827, 833 (3d Cir. 1970).

595

continuous custody of the substance from the appellant to the military police evidence custodian, who purportedly mailed the evidence to the crime laboratory. The custodian, however, did not testify. This break in the chain of custody was not fatal. The gap was bridged through the testimony of the fingerprint examiner. The packets containing the heroin had distinctive identifying marks in the form of the appellant's fingerprints. This clearly ties the substance examined at the crime laboratory with that obtained from the appellant. There is no evidence of tampering. We are not unmindful that there is no presumption of regularity regarding the "prosecutorial custodians of real evidence." *United States v. Nault, supra.* This is not to say, however, that there is a corollary presumption of irregularity. Under the circumstances of this case, to include evidence of the packaging (four individual packets in a separate plastic bag), the relatively small amount of the heroin (1.98 grams), and the presence of the appellant's fingerprints, we are convinced that the evidence was preserved "in an unaltered state." The mere possibility that the substance obtained from the appellant could have been tampered with or commingled with other evidence while in the hands of the custodian is too remote to conclude otherwise. The heroin was properly received in evidence against the appellant.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge DRIBBEN concur.