**UNITED STATES, Appellee,**

v.

**Specialist Four (E–4) Stephen H. LEWIS, SSN 338–54–0050, United States Army, Appellant.**

**CM 437540.**

U. S. Army Court of Military Review.

12 Dec. 1979.

Major Benjamin A. Sims, JAGC, Captain Willard E. Nyman, III, JAGC, and Captain Julius Rothlein, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Robert B. Williams, JAGC, and Captain James W. Hewitt, Jr., JAGC, were on the pleadings for appellee.

Before FULTON, WATKINS and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

WATKINS, Judge:

Arraigned on charges of conspiracy to sell heroin, wrongful possession of .14 grams of heroin, driving a vehicle without a valid United States Army Europe operator's license, and carrying a switchblade knife in a concealed manner, the appellant was convicted only of wrongfully possessing heroin (in the smaller quantity of .02 grams). The approved sentence extended to a bad-conduct discharge, confinement at hard labor for two months, and reduction to Private E–1. Our review is pursuant to Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (1976).

The appellant seeks reversal of the conviction on three grounds: that the trial judge erred in denying a defense motion to suppress evidence; that the Sixth Amendment was contravened when the Govern-

ment established the identity of the prohibited substance without the testimony of the chemist or other qualified witness; and that both the laboratory report and the powdery substance were inadmissible because a complete chain of custody was not established at trial.

■ The first two of these issues will be discussed summarily, the third in some detail. With regard to the first assignment of error, we perceive no infringement of Fourth Amendment rights. After an apprehension that we determine was lawful, the appellant moved in the direction of a plastic trash bag hanging on the wall and made a throwing motion with his right arm and hand. At the time, a square white packet fell to the floor. Chemical analysis of the contents of the paper packet at the crime laboratory disclosed the presence of .02 grams of heroin. We hold that the seizure of this substance, which was then in plain view, was not improper. Accordingly, the military judge did not err in denying a defense motion to suppress this evidence.

■ Nonmeritorious also is the contention that the Government erred in not producing the laboratory examiner. Unquestionably, the defense could have mounted a challenge to the accuracy or authentication of the laboratory report and could have requested that the chemist or laboratory technician be called as a witness.[1] The record shows that the appellant expressly declined to do so. Under these circumstances, the Government was under no duty to produce the witness and the laboratory report was properly admitted under the business records exception to the hearsay rule. *United States v. Strangstalien,* 7 M.J. 225 (C.M.A.1979); *United States v. Miller,* 23 U.S.C.M.A. 247, 49 C.M.R. 380 (1974); *United States v. Evans,* 21 U.S.C.M.A. 579, 45 C.M.R. 353 (1972).

Remaining for discussion is the issue of whether the Government adequately established a chain of custody over the white powdery substance in issue. Subsequent to the appellant's actions in relation to the paper packet, it was retrieved, marked, and initially secured by Sergeant Van Buskirk, a military policeman who was already on the scene. He marked the packet with his initials, the time, and the date. Shortly thereafter, after returning to the military police station, he similarly marked a larger plastic bag into which the packet was placed. He then tagged the plastic bag with an evidence property tag (DA Form 4002) and initiated an Evidence/Property Custody Document (DA Form 4137) to record the exhibit's chain of custody. Sergeant Van Buskirk testified that he maintained exclusive possession of the property until the desk sergeant (Sergeant Minster) signed for it and, in the presence of the witness, placed it in a safe. Sergeant Van Buskirk further stated that he was certain that the property identified by him in court was the same as that he had seized at the crime scene on 12 April 1978. The chain of custody document, DA Form 4137, indicates that the transfer of custody to Desk Sergeant Minster and the succeeding one to Station Commander (Sergeant First Class) Herring occurred on that same date, 12 April 1978. On 13 April, the property was transferred to Military Police Investigator Croft for evaluation as evidence, and thereafter to the evidence custodian, Staff Sergeant Kolle.

Staff Sergeant Kolle was called as a witness, but Minster, Herring, and Croft were not. Staff Sergeant Kolle testified that, in keeping with his responsibility to safeguard and process all physical evidence obtained by the military police station, he initially received the property on 13 April 1978, dispatched it by registered mail to the crime laboratory on 18 April, and receipted for it when it was returned on 28 April.

Notwithstanding the missing "links," the chain of custody issue was resolved contrary to the interests of Specialist Lewis in the trial court. Over defense objection, the chain of custody document (DA Form 4137) and the physical evidence were admitted by the military judge. A majority of the Court of Military Appeals recently ruled

1. *See United States v. Stocker,* 7 M.J. 373 (C.M.A.1979) (mem.).

that chain of custody forms of the type utilized in this case are prepared "principally with a view to prosecution" in the sense of paragraph 144d, Manual for Courts-Martial, United States, 1969 (Revised edition) and that, under paragraph 139a of the Manual, such documents constitute incompetent and inadmissible hearsay. *United States v. Porter,* 7 M.J. 32 (C.M.A.1979).[2]

Unless there is some reason for not applying the rule of *Porter,* the findings and sentence must be set aside. Very recently, I joined in an opinion of this Court to the effect that the *Porter* holding should not be applied to trials concluded before the date of that decision, 7 May 1979. *United States v. Parker,* 8 M.J. 584 (A.C.M.R. 1979). This latter opinion was premised on the conclusion that nothing in *United States v. Nault,* 4 M.J. 318 (C.M.A.1978) foretold that a chain of custody document in a fungible drug case was without the permissible scope of the business records exception to the hearsay rule and was inadmissible also because of the Manual rule excluding from evidence writings made principally with a view to prosecution.

▮ At approximately the same time the *Parker* case was decided, the Court of Military Appeals released several summary dispositions in which *Nault,* it appears, was accorded full precedential effect.[3] I am constrained, therefore, to follow the lead of our high Court in applying the rule of *Nault* and *Porter* from the date of the former decision, 3 April 1978.[4] The transcript of the instant case, which was compiled during the period 20 June–1 August 1978, discloses three "breaks" in the chain of custody prior to the time the white powdery substance was sent to the laboratory for chemical analysis. Under these circumstances, there was a failure of proof and reversal is required.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge LEWIS concurs in the result.

FULTON, Senior Judge, dissenting:

I dissent. Because the trial in this case occurred before the decision in *United States v. Porter,* 7 M.J. 32 (C.M.A.1979), holding that the official Army chain of custody receipt form ("Evidence/Property Custody Document") is inadmissible, I would not apply the *Porter* decision. *United States v. Parker,* 8 M.J. 584 (A.C.M.R.1979). I am aware of the apparent import of such recent summary dispositions as *United States v. Bagby,* 7 M.J. 476 (C.M.A.1979) (mem.), which, although they were entered in a daily journal dated 14 September 1979, were not distributed to this Court until our decision in *Parker* was being printed.[1]

My adherence to *Parker* is based on the failure of summary dispositions to disclose the relevant facts essential to any value as precedent and my reluctance to believe that the Court of Military Appeals would use that medium to declare both the decisional import and immediate application of a remark made only in a footnote to an opinion *and* having no bearing on the outcome of the case at hand; *viz., United States v. Nault,* 4 M.J. 318, 320 n. 7 (C.M.A.1978). *But cf.* 7 M.J. at p. LXXV.

There is yet another facet of *Nault* to be considered. In a different footnote, the author observed that "we cannot formulate

---

2. In a similar case, this same rule was determined to be applicable even in the absence of defense objection. *United States v. Neutze,* 7 M.J. 30 (C.M.A.1979).

3. *See* the majority holdings in *United States v. Guinn,* 7 M.J. 475 (C.M.A.1979) (mem.); *United States v. Bagby,* 7 M.J. 476 (C.M.A.1979) (mem.); *United States v. Tresvant,* 7 M.J. 476 (C.M.A.1979) (mem.); and *United States v. McKinney,* 7 M.J. 477 (C.M.A.1979) (mem.).

*But see United States v. Stuckey,* 8 M.J. 132 (C.M.A.1979) (mem.).

4. In view of these recent holdings of the Court of Military Appeals, I feel obliged to modify the stance that I assumed in *United States v. Parker,* 8 M.J. 584 (A.C.M.R.1979) that *United States v. Porter,* 7 M.J. 32 (C.M.A.1979) should not be accorded any retroactive effect.

1. No motion to reconsider *Parker* has been made by any party or participating judge.

any presumption regarding the performance of the prosecutorial custodians of real evidence in the absence of a proper demonstration." 4 M.J. at 320 n.8 (citing cases). That observation indeed has decisional import in view of the facts in *Nault.* However, the comment was not made in relation to a chain of custody document for none had been admitted in the *Nault* trial and the preceding footnote had said (by way of dictum, I continue to insist) that such documents weren't admissible anyway. Therefore, I do not read it as meaning that, if a chain of custody receipt were otherwise properly admissible into evidence as an official record or business entry exception to the hearsay rule, there nevertheless could attach no presumption that the military policeman signing as relinquishing the evidence had not complied with his regulatory duty to safeguard the evidence and maintain it in the same condition as when he received it. *See United States v. Jenkins,* 5 M.J. 905, 907 (A.C.M.R.1978).[2]

---

2. It is recognized, however, that the regulations could be strengthened by being made more specific, and the chain of custody receipt form improved by adding an appropriate certification. It also seems fair to suggest that, if Army law enforcement officials uniformly used, for the preservation of evidence, sealed containers of a type that would indicate whether the seal had been broken, this litigation may not have been necessary. *See United States v. Lane,* 192 U.S.App.D.C. 352, 354, 591 F.2d 961, 963 (D.C. Cir.1979).