UNITED STATES, Appellee,

v.

Bryon C. PARKER, Specialist Four, U. S. Army, Appellant.

No. 38,379.
SPCM 13702.

U. S. Court of Military Appeals.

April 20, 1981.

For Appellant: *Captain Edwin S. Castle* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Grifton E. Carden, Captain Robert D. Ganstine* (on brief); *Lieutenant Colonel John F. Lymburner, Captain Paul T. Allen.*

For Appellee: *Major Robert B. Williams* (argued); *Major Ted B. Borek* (on brief); *Colonel R. R. Boller, Major David McNeill, Jr.*

## OPINION OF THE COURT

FLETCHER, Judge:

The appellant was tried by a military judge sitting alone as a special court-martial in Schweinfurt, Germany, during August and September 1978. Contrary to his pleas, he was found guilty of possession of 366 grams of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for 75 days, partial forfeitures and reduction to the pay grade of E–1. The convening authority approved this sentence and the United States Army Court of Military Review affirmed. 8 M.J. 584 (1979).

The particular issue granted by us for review (9 M.J. 18, 19) is:

WHETHER THE EVIDENCE IS INSUFFICIENT AS A MATTER OF FACT AND LAW TO SUSTAIN THE FINDINGS OF GUILTY BECAUSE THE GOVERNMENT FAILED TO ESTABLISH ADEQUATELY A CONTINUOUS CHAIN OF CUSTODY OVER THE SUBSTANCE ALLEGEDLY POSSESSED BY THE APPELLANT.

On July 7, 1978, the Community Commander of Peden Barracks, Wertheim Baden, Germany, directed a gate search "of all pedestrian and vehicular traffic entering and exiting" this base from 10 o'clock that night to 2 o'clock the next morning. Private Spinelli drove his automobile into this area during this time period. The appellant and two other passengers were also in the car. Specialist Four Howard R. Thompson, an army military policeman, directed Spinelli's vehicle to a parking lot nearby and ordered all occupants to remove themselves from it. He then searched the vehicle. He discovered in plain view a yellow carrying bag on a ledge below the rear window. He opened the bag and saw about four and one-half items in aluminum foil wrappings. One package was broken and contained a brown powdery substance. Thompson then brought these items as evidence to the military police station. At the station, Thompson filled out a chain of custody document (DA Form 4137), which he also signed. He turned these items over to a Criminal Investigations Division (CID) agent who "was a tall guy."

At trial the Government, without defense objection as to identity or relevance, introduced several items of real evidence. Prosecution exhibit 7 was a blue and yellow knapsack with the initials "BP" and a notation "2310–HRT–7 July 1978" written thereon. Prosecution exhibit 8 was one plastic bag containing hashish, tin foil and an empty Kool cigarette package. Thompson, as a government witness, identified prosecution exhibit 7 as the same bag he had seized from Spinelli's vehicle. He further identified prosecution exhibit 8 as

items similar in substance and quantity to those in the aluminum foil packages he had discovered earlier.

The Government also introduced documentary evidence concerning the above exhibits. Prosecution exhibit 5 was a chain of custody sheet which Thompson identified through his signature and the description of contents. Special Agent David A. Werfel, the second person listed on this chain of custody sheet, testified at trial but not as to his custody over the seized evidence. Special Agent Dannie A. Taylor, the evidence custodian, was the third person listed on this chain of custody sheet. He stated that he received the above government exhibits and kept them in a safe until he sent them by registered mail to a criminal laboratory in Frankfurt, Germany. He further testified that he received these items back by registered mail and placed them in a safe until trial. He also stated that he received from this crime laboratory prosecution exhibit 6, a laboratory report which stated the brown substance was marihuana in the hashish form.

The Government has the burden to show that each item of real and documentary evidence it seeks to introduce at court-martial is relevant to the offense charged. See para. 138c, Manual for Courts-Martial, United States, 1969 (Revised edition). In the appellant's case, it had to initially establish an adequate evidentiary foundation to show that prosecution exhibits 7 and 8 were the objects seized by the military policeman Thompson on July 7, 1978, and that their condition was substantially unchanged at the time of trial. See McCormick on Evidence § 212 (2nd ed. 1972). If the items were readily identifiable, this could be accomplished by direct evidence from an identifying witness at trial. See United States v. Fowler, 9 M.J. 149 (C.M.A.1980). A substantially more elaborate evidentiary foundation is required if the evidence is fungible, that is, when it does not possess characteristics which are fairly unique "and readily identifiable." United States v. Nault, 4 M.J. 318, 319 (C.M.A.1978). This must be established by

showing a continuous chain of custody. *United States v. Nault, supra; United States v. Bass*, 8 U.S.C.M.A. 299, 24 C.M.R. 109 (1957). The military judge has the serious responsibility to insure that the Government meets its fundamental burden of proof depending upon the evidence offered and the particular circumstances in which it is offered. Paras. 54*c*, and 57*g*, Manual, *supra. See United States v. Graves*, 1 M.J. 50 (C.M.A.1975).

▮ There is no doubt in our mind that prosecution exhibit 7, the knapsack, was properly identified and admitted into evidence by the military judge at appellant's court-martial. *See generally* Imwinkelreid, *The Identification of Original, Real Evidence*, 61 Mil.L.Rev. 145, 147–53 (Summer 1973). The government witness, Thompson, testified that the bag he seized from Spinelli's automobile was a yellow carrying bag with the initials "B.P." inscribed thereon. Prosecution exhibit 7 possessed these same unique characteristics. In fact, this container is even more distinctive than the brown camera bag admitted in *United States v. Fowler, supra.* This item was not fungible within the meaning of our case law. *See United States v. Nault, supra* at 319. Thompson also testified that the government exhibit was in fact the first item he seized from the vehicle. Accordingly, it was clearly admissible based on the direct evidence testimony of the police officer Thompson. *See United States v. Hill,* 627 F.2d 1052, 1055 (10th Cir. 1980), *United States v. Reed*, 392 F.2d 865 (7th Cir. 1968), *cert. denied*, 393 U.S. 984, 89 S.Ct. 457, 21 L.Ed.2d 445 (1968).

▮ A more difficult question in this case is whether the hashish contained in prosecution exhibit 8 was properly admitted at appellant's court-martial as the substance originally seized by Thompson, the police officer. As a government witness, Thompson stated only that the hashish in the government exhibit was similar to the substances he seized from the yellow knapsack. *See United States v. Reed, supra* at 867. Nevertheless, his testimony, viewed as a whole, established an *uncontroverted* inference of identity between the items he seized and the government exhibit. *See* Imwinkelreid et al., *Criminal Evidence*, 78–79 (1979). This was sufficient for the admission of these exhibits in the present case.

In *United States v. Fowler, supra* at 152, this Court recognized that "while marihuana normally is [considered] a fungible substance," it may in unusual cases be "readily identifiable." There the contraband originally seized and the marihuana introduced at trial were found to have distinctive characteristics in common. The testimony of several witnesses established that both substances were similarly "manicured" and packaged in two plastic bags inside a brown camera bag. Under the circumstances of that case, "[t]he marihuana introduced at trial was [considered] *prima facie* part of" the contraband originally seized from Fowler. *United States v. Walton*, 602 F.2d 1176, 1179 (4th Cir. 1979); *see United States v. Zink*, 612 F.2d 511 (10th Cir. 1980).

In appellant's case, the police officer who originally seized the items in question testified at trial as to the unique characteristics held in common by both the substances seized and the government evidence. First, he acknowledged that the seized marihuana was in the form of chunks of hashish as indicated in the custody sheet accompanying prosecution exhibit 8. Second, he stated that one of these items was broken and contained a brown powder substance similar to that in the government exhibit. Third, he agreed that the amount of substance which he seized was about the same as that contained in the proffered evidence.[1] Fourth, he testified that the items were originally contained in four and one-half aluminum foil packages within a yellow knapsack. Prosecution exhibit 7 was a yel-

---

1. Thompson originally testified that there were four and a half items in aluminum foil wrappings. However, later he acknowledged that he recognized the chain of custody sheet by his signature and "the contents within the descrip-

tion," "4 chunks of marihuana in the hashish form and empty Kool cigarette packs." No discrepancy or suggestion of tampering exists under these circumstances.

low knapsack which was properly identified at trial as the one seized by Thompson, and which was linked to prosecution exhibit 8, the marihuana, by the testimony of Special Agent Taylor. Prosecution exhibit 8 also contained aluminum foil wrappings. This combination of physical characteristics was acknowledged by the government witnesses to be attributable to both the seized contraband and the offered evidence. It was sufficiently unusual to establish that it is more probable than not that they existed in a single object only. *See United States v. Fowler, supra*: 2 Wigmore on Evidence §§ 411, 412, 417 (3rd ed. 1940). In addition, no sufficient reason appears in this record to doubt police officer Thompson's circumstantial identification of prosecution exhibit 8 as the items he originally seized from Spinelli's car. *Cf. United States v. Nault, supra* at 319 n. 6.

The decision of the United States Army Court of Military Review is affirmed.[2]

Chief Judge EVERETT and Judge COOK concur.

2. Due to our resolution of the first granted issue, it is unnecessary to address the second issue granted for review in this case. 9 M.J. 19.