UNITED STATES, Appellee,

v.

Private (E–2) Richard B. ALDRIDGE, SSN 579–96–1034, United States Army, Appellant.

CM 442590.

U.S. Army Court of Military Review.

8 Sept. 1983.

Colonel William G. Eckhardt, JAGC, Major Lawrence F. Klar, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Appellant was convicted of two specifications of sale of lysergic acid diethylamide (LSD), two specifications of transfer of LSD, and one specification each of possession of LSD and introduction of LSD with the intent to sell it, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1976). His approved sentence provides for a dishonorable discharge, confinement at hard labor for forty-two months, total forfeitures, and reduction to the grade of Private E–1.

Appellant contends that he was improperly tried *in absentia,* that the military judge abused his discretion by denying him a continuance, that his challenge for cause against a court member was erroneously denied, and that the chain of custody of the LSD from the date it was seized to the time it was chemically analyzed was not adequately established. We disagree with each contention.

## I. *Facts*

Appellant was assigned to a unit based in Hawaii. He committed the offenses of which he was convicted while in South Korea on a field exercise. Charges against him were referred to a court-martial after his return to Hawaii. At the initial session of the trial, appellant was arraigned and informed that the trial would proceed on 29 April 1982. However, when appellant failed to appear at that time, further proceedings were postponed. The court reconvened on 3 May with appellant still absent. The military judge determined that appellant's absence was voluntary and unauthorized and directed, over defense objection, that the trial proceed *in absentia* pursuant to paragraph 11c, Manual for Courts-Martial, United States, 1969 (Revised edition).[1]

After *voir dire,* appellant's defense counsel moved for a continuance to secure appellant's presence at trial and to obtain his signature on a request for trial by military judge alone. He informed the court that appellant, although absent without authority, had been located at his father's home in Washington, D.C. The defense counsel suggested that appellant's return to Hawaii for trial would be imminent if he were apprehended by military police in that area. The government countered by advising the court that the date of appellant's return to Hawaii was still uncertain; that three military witnesses from Korea were being housed in Hawaii at considerable expense to the government; and that, because these witnesses constituted the entire investigative staff of the military police office at Camp Page, Korea, their absence from duty was adversely affecting the military mission there. The military judge denied the motion.

During presentencing on 4 May, appellant's defense counsel again moved for a continuance to secure his presence at trial. He stated that appellant had voluntarily

---

1. *Effect of voluntary absence from trial.* The accused's voluntary and unauthorized absence after the trial has commenced in his presence and he has been arraigned does not terminate the jurisdiction of the court, which may proceed with the trial to findings and sentence notwithstanding his absence. In such a case the accused, by his wrongful act, forfeits his right of confrontation.

surrendered to military authorities in Washington, D.C., and would be returning to Hawaii within several days. Again, the military judge denied a continuance.

II. *Appellant's Absence From Trial*

Appellant does not now protest the military judge's determination that his absence from trial was, in the first instance, voluntary and unauthorized. However, he does assert that his later surrender to military authorities rendered that absence involuntary and required that the trial be delayed until he could be present. He also contends that the military judge's denial of his motions for a continuance was an abuse of judicial discretion. We disagree with both contentions.

■■■ Appellant's surrender to military authorities in Washington, D.C., did not change the characterization of his absence from voluntary to involuntary. After having been informed of the date of trial, appellant physically departed from the trial site in Hawaii to his father's home on the east coast of the United States. Under the circumstances, a reasonable individual should have realized that the simple expedient of surrendering oneself to military authorities would not have assured an immediate return to Hawaii. This was unlike the situations presented in *United States v. Peebles,* 3 M.J. 177 (C.M.A.1977), where the government's failure to demonstrate that the accused was apprised of the trial date precluded a finding that his absence from trial was voluntary, and *United States v. Cook,* 20 U.S.C.M.A. 504, 507, 43 C.M.R. 344, 347 (1971), where the "substantial question . . . of the accused's mental responsibility" vitiated the voluntariness of his absence. Therefore, we hold that appellant's continued absence from trial was not involuntary.[2]

■■■ We also hold that the military judge did not abuse his discretion by deny-

ing appellant's requests for a continuance. The decision whether to grant a continuance lies within the sound discretion of the military judge and will not be overturned except for clear abuse thereof. *United States v. Menoken,* 14 M.J. 10 (C.M.A.1982); *United States v. Thomson,* 3 M.J. 271 (C.M.A.1977); *United States v. Johnson,* 12 M.J. 670 (A.C.M.R.1981), *pet. denied,* 13 M.J. 112 (C.M.A.1982). After determining that an accused has absented himself from his trial within the meaning of paragraph 11c, Manual for Courts-Martial, United States, 1969 (Revised edition), the question of whether to grant a continuance requires a balancing of the accused's right to be present at his trial with the inconvenience and expense inflicted on the government, court, and witnesses by his absence. *See United States v. Perry,* 14 M.J. 856 (A.C.M.R.1982); *United States v. Pastor,* 557 F.2d 930, 933 (2d Cir. 1977), and cases cited therein. *See also United States v. Lochan,* 674 F.2d 960, 967 (1st Cir.1982); *United States v. Powell,* 611 F.2d 41, 43 n. 2 (4th Cir.1979). We have considered the expense and burden the government and its witnesses would have incurred had a continuance been granted as well as the fact that these administrative difficulties were caused by appellant's misconduct. We hold that the military judge did not abuse his discretion by denying the motions. *United States v. Allison,* 47 C.M.R. 968, 972 (A.C.M.R.1973). Accordingly, we find the assignment of error without merit.

III. *Challenge of a Court Member*

■ During *voir dire* the defense counsel asked, "Does any member of the court feel, right now, that Private Aldridge is probably guilty of the charge that he is charged with?" Captain Scipione, a court member, responded affirmatively, but later stated that he could follow the instructions of the military judge and that he had no "difficul-

---

2. Although not raised by appellant, we also find that appellant's absence was unauthorized, even though appellant returend to military control during the course of his trial. Paragraph 11c of the Manual does not require that a person be absent without authority within the

meaning of Articles 85 or 86, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 886 (1976). Rather, "unauthorized" means only "that no one in authority has excused [the accused] from the [trial] proceedings." *United States v. Peebles,* 3 M.J. 177, 179 (C.M.A.1977).

ty with the proposition that the accused is presumed innocent." The defense counsel challenged Captain Scipione on the ground that Scipione believed appellant was probably guilty. The military judge denied the challenge.

This Court recently noted that the "test to be used in determining whether a judge abused his discretion in denying a challenge for cause is whether the prospective court member 'is mentally free to render an impartial finding and sentence based on the law and the evidence.'" *United States v. Curry,* 15 M.J. 701, 708 (A.C.M.R.1983), *quoting United States v. Parker,* 6 U.S.C. M.A. 274, 285–85, 19 C.M.R. 400, 410–11 (1955). *United States v. McQueen,* 7 M.J. 281 (C.M.A.1979); *see United States v. Autrey,* 12 M.J. 547, 551 (A.C.M.R.1981), *pet. denied,* 13 M.J. 112 (C.M.A.1982). We hold that the military judge did not abuse his discretion.

Captain Scipione's initial comment that appellant was "probably guilty" merely reflected that the charges against appellant would not have been referred unless such action was warranted. *See United States v. Curry,* 15 M.J. at 708. However, we are satisfied that Captain Scipione was willing and able to decide the case on the basis of the evidence and the military judge's instructions. *Id. Cf. United States v. Tippit,* 9 M.J. 106, 107 (C.M.A.1980); *United States v. McGowan,* 7 M.J. 205 (C.M.A.1979) (mere predisposition to adjudge some punishment is insufficient to disqualify a member; the test is whether the member will yield to the evidence presented and the judge's instructions). Therefore, we find the assignment of error without merit.

#### IV. *The Chain of Custody*

Appellant contends that the government failed to establish a complete chain of custody for the LSD he purportedly sold. As a result, appellant asserts that the military judge erred by admitting a laboratory report which identified the LSD as such. We disagree. First of all, the LSD was on pieces of paper embellished with a likeness of the character Snoopy from the comic strip *Peanuts.* Therefore, the evidence was not a "fungible substance requiring special accountability." *United States v. Shy,* 10 M.J. 582, 585 (A.C.M.R.1980), *pet. denied,* 10 M.J. 344 (C.M.A.1981). *See United States v. Madela,* 12 M.J. 118, 120 (C.M.A.1981). Moreover, we are satisfied that the government adequately established the chain of custody. Those who exercised control over the LSD identified it and adequately established "continuous custody which preserve[d] the evidence in an unaltered state." *United States v. Nault,* 4 M.J. 318, 319 (C.M.A.1978) (citations omitted). *United States v. Wallace,* 14 M.J. 1019, 1026 (A.C. M.R.1982), *pet. denied,* 16 M.J. 135 (C.M.A. 1983). The assignment of error is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge YAWN concur.